

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 10, 2008

Joseph F. Savage, Jr., Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Re:    Ryan McCourt

Dear Mr. Savage:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ryan McCourt ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.    Change of Plea

At the earliest practicable date, Defendant agrees to waive prosecution by indictment and to plead guilty to a one count Information charging the Defendant with violating Title 18, United States Code, Section 371, a copy of which is attached hereto as "Exhibit A." Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in the Information, and is in fact guilty of that offense.

2.    Penalties

Defendant faces the following maximum penalties:  A term of imprisonment of 5 years; 3 years of supervised release; a fine of $250,000; and a mandatory special assessment of $100.  The parties agree that restitution is not appropriate in this case because Defendant's employer (McCourt Construction Co. Inc.) has agreed to pay restitution.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine.  In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following position at sentencing with respect to the application of the Sentencing Guidelines:

| | |
|---|---|
| Base offense level per U.S.S.G. § 2B1.1(a)(2) | 6 |
| Specific Offense Characteristic per U.S.S.G. § 2B1.1(b)(1)(C),  loss of more than $10,000 but less than $30,000 | 4 |
| Offense Level | 10 |

Defendant reserves the right to contest the U.S. Attorney's guideline calculations as set forth above at the time of Defendant's sentencing.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C.§ 3553(a), except as explicitly reserved below.  Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines or a sentence outside the Guidelines, except under the conditions explicitly set forth below.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit his conduct in the offense of conviction;

2

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d)     Fails to provide truthful information about his financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(I)     Transfers any asset protected under any provision of this Agreement; and/or

(j)     Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4.      Sentence Recommendation

In the event that the U.S. Attorney declines to file a motion pursuant to U.S.S.G. § 5K1.1, the U.S. Attorney will recommend a sentence and fine at the low end of the applicable guideline range.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing.

6.    Protection of Assets for Payment of Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 10,000;

(2)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $ 10,000 per month; and

(3)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine ordered by the Court at sentencing is satisfied in full.

7.    Waiver of Rights to Appeal and to Bring Collateral Challenge

a.    Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

b.    The defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

c.    Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either USSG §5K1.1 or 18 U.S.C. §3553(e) and does, in fact, depart downward on that basis, he will not file a direct appeal nor collaterally challenge any sentence imposed.

d.    This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

4

8.      Other Post-sentence Events

a.      In the event that, notwithstanding the waiver provision of ¶7, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶7).

b.      If notwithstanding the waiver provision of ¶7, the defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the defendant's original sentencing. Thus, for example, the defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing.

c.      In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

9.      Cooperation

a.      Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been

sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

      b.     Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, he will file a motion under USSG §5K1.1 to allow the Court to impose a sentence below the applicable Guideline Sentencing Range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG §5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8.a above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

      c.     Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 9(a) and 9(b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing. As noted above, in the event that the U.S. Attorney declines to file a motion pursuant to U.S.S.G. § 5K1.1, the U.S. Attorney will recommend a sentence at the low end of the applicable guideline range.

      d.     Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated July 18, 2007 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in USSG §1B1.8(a) and the commentary thereto. Notwithstanding the provisions of USSG §1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in

determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

10.     Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

11.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

12.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and plea of guilty to the charges specified in paragraph 1 of this Agreement.

13.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. __Breach of Agreement__

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated July 18, 2007 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

15. __Who Is Bound By Agreement__

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. __Complete Agreement__

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated July 18, 2007. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated July 18, 2007. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

8

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Eugenia M. Carris.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:     *Diane C. Freniere*

Diane C. Freniere, Chief
White Collar Crime Section

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for this offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

Ryan McCourt
Defendant

Date: 2/6/08

I certify that Ryan McCourt has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Joseph F. Savage, Jr., Esq.
Goodwin Procter LLP
Attorney for Defendant

Date: 2/6/08

10



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

June 6, 2008

Joseph F. Savage, Jr., Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109

Re:    United States v. Ryan McCourt, Cr. No. 08-100480-JLT

Dear Mr. Savage:

This letter serves to modify the January 10, 2008 letter Agreement (the "Agreement") between the United States Attorney and Ryan McCourt ("Defendant"), in the above-captioned case, to reflect solely that the Defendant agrees to waive prosecution by indictment and to plead guilty to the one-count Superseding Information attached hereto as "Exhibit A." The attached Superseding Information supersedes the Information that was attached to the Agreement and was filed in this case by the U.S. Attorney on February 29, 2008.

The remaining terms and provisions of the Agreement are unaltered and shall continue to be binding upon the United States Attorney and the Defendant.

Joseph F. Savage, Jr., Esq.
June 6, 2008
Page 2

    Kindly indicate your agreement to the statements in this letter by signing the
acknowledgments below and returning the original to me.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:       _____
                                        EUGENIA M. CARRIS
                                        Assistant U.S. Attorney

Acknowledged and Agreed:

_____
Ryan McCourt
Defendant

Date: 6/11/08

_____
Joseph F. Savage, Jr.
Goodwin Procter LLP
Attorney for Defendant

Date: 6/13/08